

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00878-CR

Ricardo **DE LA O**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR0309
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
              Irene Rios Justice
              Beth Watkins, Justice

Delivered and Filed: November 22, 2023

DISMISSED

On September 29, 2023, appellant Ricardo De La O II filed a "Notice of Appeal From Negotiated Plea." After De La O filed his notice of appeal, the district clerk filed a copy of the clerk's record showing De La O entered into a written plea bargain agreement with the State pursuant to which he pled nolo contendere to three counts of aggravated sexual assault. The clerk's record further shows the trial court imposed a sentence in accordance with the agreement and signed a certification stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d).

Here, the clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by De La O. It also does not include a written motion filed and ruled upon before trial; nor does it indicate the trial court gave De La O permission to appeal. Thus, the record supports the trial court's certification this is a plea-bargain case and De La O does not have a right to appeal. *See id.* R. 25.2.; *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On October 6, 2023, we ordered De La O to file a response establishing an amended certification showing he has the right to appeal has been made part of the appellate record. We cautioned De La O failure to satisfactorily respond to this order within the time provided would result in the dismissal of this appeal. On November 5, 2023, De La O's counsel filed a response to our order agreeing De La O entered into a plea bargain with the State, the trial court imposed a sentence in accordance with the agreement, and the signed certificate stated De La O had no right of appeal. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish